## Pearsall *against* Lawrence and Doe, bail of Lamb.

Before a suit can be commenced against bail, a *ca. sa.* or *test. ca. sa.* against the principal, must be sued out and *actually* returned, with *non est inventus* indorsed thereon, and filed in the clerk's office.

THIS was an action of *debt*, on a recognisance of bail. The declaration was in the usual form. The defendant pleaded, that the plaintiff ought not to have and maintain his action, &c. because, that after the judgment against *Lamb*, the principal, and before the suing out of the *capias ad respondendum*, in this suit, against the defendant, as bail of *Lamb*, there was no *capias ad satisfaciendum* or *testatum ca. sa.* issued against *Lamb*, upon the said judgment, directed to the sheriff of the county of *Delaware*, (in which county the said *Lamb* was arrested, by virtue of the process upon which the said judgment was had,) upon which *ca. sa.* or *test. ca. sa.* such sheriff had returned that the said *Lamb* was *not found*, &c. wherefore he prayed judgment, &c.

The plaintiff replied, that a *test. ca. sa.* was sued out on the judgment against *Lamb*, directed to the sheriff of the county of *Delaware*, returnable on *Friday*, the 6th day of *February*, 1807, and which was delivered, at least four days before the return thereof, to the under-sheriff of the county of *Delaware*, the defendant then being sheriff of the said county, upon which writ, the sheriff returned *non est inventus*, and which writ of *test. ca. sa.* with the said return indorsed thereon, was filed in the clerk's office in *Albany*, on the 27th *February*, 1807, and that the *capias ad respondendum* in this cause, was tested the 6th *February*, 1807, &c. The defendant rejoined, that the sheriff of *Delaware* did not return on the *test. ca. sa.* mentioned in the plaintiff's replication, that the said *Lamb* could not be found in his county, until the *capias ad respondendum*, mentioned in the said replication, had been sued out against the defendant as bail, and was returnable, to wit, until the 27th day of *February*, 1807, and this, &c.

To this rejoinder there was a general demurrer, and joinder.

*Sherwood* and *Hawkins*, in support of the demurrer. The replication does not state that the *test. ca. sa.* was actually returned before the *capias ad respondendum* issued. It was four days in the sheriff's office, and the actual return, or filing, is matter of form. A *capias ad respondendum* may be issued against bail, on the same day that the *ca. sa.* against the principal is returnable.* The statute† does not require that the *ca. sa.* should be actually filed, before process can issue against bail. Suppose the sheriff does not file it with the clerk, is the plaintiff to be delayed in his proceedings against bail, by his negligence ? Every writ is supposed to be returned on the day it is made returnable. It is enough that the return appears on the *ca. sa.* though it may not have been actually returned, until after the issuing of the *capias ad respondendum.* But the defendant in this case, ought to be estopped from making this objection. He was the sheriff of the county, and ought not to be allowed to take advantage of his own *laches.*

*Henry,* contra. The only question is, whether by the statute there should be a return in *fact* of the *ca. sa.* previous to the issuing of process against the bail, or only a return by relation. The statute was intended for the relief of bail, and to guard them against surprise. It declares, that "no suit shall be commenced upon any recognisance of bail, in any civil action, until a writ of *capias ad satisfaciendum,* or *testatum ca. sa.* shall have issued against the defendant in the original action, directed to the sheriff of the county, in which such defendant was arrested and taken, and such sheriff has returned thereon, that the said defendant was not found in his county; and if any action shall be commenced upon such recognisance, and it shall not appear on the trial, that a writ of *ca. sa.* or *test. ca. sa.* was so issued and returned, a verdict shall be found for the defendant." It is made the duty of the sheriff to endeavour to serve the writ on the defendant, notwithstand-

NEW-YORK,
Nov. 1808.

Pearsall
v.
Lawrence and
Doe.

* 1 *W. Black.*
393. 2 *Tidd,*
(2d ed.) 1015,
1016.
† *Laws of N. Y.*
v. 1. p. 446.

ing any directions to the contrary from the plaintiff's at-torney. The act is remedial, and was intended to pre-vent an existing practice, by which bail were often taken by surprise. It ought to have a liberal construction in favour of bail.

Again, the plaintiff cannot take a step in the cause, until the writ, is actually returned. Until a return, in fact, it is impossible to know, with legal certainty, what the return is. While the writ is in the hands of the sheriff, and until it is actually filed in the clerk's office, he may make any return that he thinks proper, and it may be, that a re-turn of *cepi corpus* may be indorsed. The sheriff, by the rules of the court, is allowed 20 days after term, to re-turn and file his writs, and it cannot be imputed to him as a fault, that the writ was not returned on the day on which it was made returnable. In making this defence, therefore, the sheriff does not take advantage of his own wrong, for he has violated no duty, nor has he been guilty of any *laches*. The sheriff is not the only party, for *John Doe* is also a defendant.

THOMPSON, J. delivered the opinion of the court. This case comes before the court on a demurrer to the rejoin-der. The action was in debt, on recognisance of bail. The question presented by the pleadings is, whether it be necessary that a return in *fact* of *non est inventus*, upon the *capias ad satisfaciendum* against the principal, should be made previous to the commencement of a suit against the bail. The return day in the execution was past, but the rejoinder states, that the sheriff did not return *non est inventus* upon the *ca. sa.* until after the *capias* in the present suit was sued out. This the demurrer admits.

That it is indispensably necessary to sue out a *ca. sa.* against the principal, previous to commencing a suit against the bail, is not denied. This is the proper notice to the bail, that the plaintiff has made his election to pro-ceed against the body, rather than the property of the principal; and the reason of the rule is obviously,

that the bail ought to be enabled to ascertain what has been done upon the execution, in order to determine his own liability. This he could not do, while the sheriff has the execution in his possession, as he cannot know what the return upon it will be. The only question which appears to have created any doubts in cases of this kind is, whether an actual *filing*, as well as a return, was requisite. (1 *Black. Rep.* 393. *Lutw.* 1273. 1 *Lev.* 225. 2 *Cromp.* 75.) Our statute is explicit, that no suit shall be commenced upon any recognisance of bail, in any civil action, until a *capias*, or *testatum capias ad satisfaciendum*, shall have issued against the defendant, in the original action, directed to the sheriff of the county in which such defendant was arrested ; and such sheriff *shall have returned thereon*, that the said defendant was not found within the county ; (*Rev. Laws.* v. 1. p. 449.) and the want of such return is declared to be a substantial defence upon the trial against the bail. The issuing of the *ca. sa.* against the principal, is not mere matter of form, for the purpose of charging the bail. The sheriff is expressly required, to endeavour to serve it upon the defendant, any directions which he may receive from the plaintiff or his attorney, to the contrary notwithstanding.

The Court are, therefore, of opinion, that the defendant must have judgment.

Judgment for the defendant.