OPINION of the Court, by
Ch. J. Éoyle.
— This is a writ of error to a judgment obtained by the testator of fhe defendant in error against the plaintiff in a sciré uPon a.recogniz vnee of special'bail.
Sundry objections to the ⅜. proceedings are taken by tfoe assignment of error. Such of them as were parti-cuh,vIy relied on in the argument, will be examined,* without however regarding the order in which they are a%signed. ' ‘
The first we shall notice is, “ that the scire facias does not shew that a ca. sa. had been issued against the prin-cipai.” This objection is evidently not well founded.. The forms of precedents in Cases of this kind to which we have, adverted, contain no averment that a cá. sa. haS issued, nor can such an averment be accessary upon general principies. The undertaking of the bail being' either that the principal will pav the debt or render hjs body to prison, or that he will do it for him, all that can necessary in order to make the, liability of the bail manifest, is to shew that neither the first nor second alternative has been performed ; and this may be sufficiently done by alleging their nonperformance in the words of the undertaking : for it is sufficient in general to allege a breach of an undertaking by averments coextensive with the words of the undertaking ; and there* can be no good reason whv it should not be deemed só'* with respect to the .undertaking of special bail. .litany matter exists dehors his undertaking, which will in law operate to his discharge, he must, as every other defendant would in like cases be bound to do, avail himself of it by way of defence.
. -A second objection relied on is, “ that the scire Ja-das does not shew that the debt, &c. was not paid by tbs: other defendants against whom the judgment was rendered ”
The_ observations made in anstVer to the former objection, equally apply to this, and clearly prove that it is no less untenable'.: for the undertaking of the Jbail is fori his-principal, and riot for others; and to require the sefre Jactas to shew that others had not paid the debt, would he requiring it to shew more than ,was ntcessary iri'order to .make the bail liable according to the terina. *473 ⅛1 the recognizance. This case is not like the case of kn action upon an assigned bond, to which it was assimilated in the argument. In that case the defendant having bound himself to pay to the obligee and his assigns, to negative the idea of a performance it is necessary to aver a nonpayment to the obligee as well as to the plaintiff- But in this case, to shew that the principal has not done what the bail undertook he should da, is sufficient to shew the liabilitybf the latter.
A third objection which we shall notice is, “ that thé Scire facias does not shew that the recognizance was taken in the suit in which judgment was entered.”
The scire facias, after reciting in the usual form the judgment and the parties thereto, proceeds to state that the plaintiff in error, on a certain day therein named, “ appeared in court and undertook for the said Lindsay that if he should be cast in íAissuit,” &c. The only departure from the usual form in this recital of the recognizance, is in the use of the term this instead of the term Said. These terms are certainly not synonymous, and cannot in all cases be substituted the one for the other with strict propriety ; but the use of the former instead of the latter in the present instance, can produce no uncertainty with respect to the suit intended. But one suit had been mentioned, and Lindsay, fot- whom the plaintiff in error undertook as special bail, was named as a party to it. The expression this suit then cannot under such circumstances be understood to refer to any other1 suit but that, which had been mentioned;
A fourth objection is, “ that the scire facias claims a judgment, instead of an execution.”
In this respect it varies from the ordinary form, but it is in a point wholly immaterial, and which cannot operate to the prejudice of either party. If it be an error, it is merely a clerical one, and is amendable according to the established doctrine of amendments; It would not therefore have been a sufficient ground for quashing the scire facias, if a motion had been made in the inferior court for that purpose at the proper stage of the proceedings ; and consequently cannot be sustained as a sufficient reason for reversing the judgment in this court.
The fifth and last objection we shaljanotice is, “thát. >fhe judgment awarding execution against the plaintiff *474 ;n error is variant, from the judgment recited in the Mire facias.” _ . . ,
, The only variance which was mentioned in the argument, and the only one which we can perceive, consists in this, that the judgment recited in the scire facias is for the debt and interest and one penny damages and costs, and the judgment against the plaintiff in error is for the amount of the debt, interest and costs, omitting the one penny in damages. The objection then is in effect that the judgment is for one penny less than it ought to have been. Waiving the inquiry how far in such a case the party ought to be permitted to assign for error that which operates to his advantage, we should still be'"1 of opinion the objection ought not to prevail. A penny cannot perhaps be treated as it was supposed in the argument it ought to be, as absolutely nothing, but it certainly approaches so near it as to he perfectly insignificant ; and according to the maxim de minimis non curat► lex, it ought not to be regarded, especially when it is (as evidently it is in this cast) merely nominal.
Judgment affirmed.