JAMES MURPHY, plaintiff in error, *v.* ALEXANDER SUMMER-VILLE, defendant in error.

*Error to Edgar.*

In an action of debt upon a bail bond, the declaration should contain certain and distinct averments that a judgment was rendered against the principal, and that a *ca. sa.* had been issued thereon, and returned "*non est inventus.*"

The penalty in a bail bond is not the cause of action, nor the true amount of recovery. The breach of the condition is the *gist* of the action upon the bond, and the damages occasioned by it are the true recovery.

Certainty is one of the common, general rules of pleading, and it requires, in setting forth the cause of action, that every fact, without which there would appear to be no cause, or an incomplete ground of action, should be distinctly averred, and in a traversable form.

DEBT upon a bail bond, in the Edgar Circuit Court, brought by the defendant in error against the plaintiff in error. The cause was heard before the Hon. Samuel H. Treat, at the May term 1845, upon a demurrer to the declaration. The

demurrer was overruled, and judgment rendered in favor of the plaintiff for $250, the penalty of the bond, to be discharged on payment of $150·62½.

*A. Lincoln*, for the plaintiff in error.

The plaintiff in error insists, that the demurrer ought to have been sustained, because

1.   The declaration does not show with certainty that any judgment was rendered against the principal.   See Gould's Pl. part IV, §26;  2 Chitty's Pl. 472;

2.   The declaration states principal's failure to pay, and failure to surrender, in the alternative; and

3.   The declaration does not show that any *ca. sa.* ever issued for the principal.   See Gould's Pl. part IV, §§ 12, 13; Rev. Stat. 83, § 8.

*S. T. Logan*, for the defendant in error, commented on the authorities cited by plaintiff's counsel, and cited the following authorities, to wit: *Crauford* v. *Beall's Adm'r*, 3 Bibb, 472; *Baker* v. *Harrison*, 5 Littell, 59; *Ross* v. *Ellis*, 6 J. J. Marsh. 91; *Pearsall* v. *Lawrence*, 3 Johns. 514; and the cases referred to in 1 U. S. Dig. 354, §§ 172, 173.

The Opinion of the Court was delivered by

SCATES, J.*   Debt upon a bail bond.   A demurrer to the declaration was overruled, and is assigned for error.

The plaintiff in error relies upon three exceptions taken to the sufficiency of the declaration.

*First*, that the declaration does not show with certainty, that any judgment was ever rendered against the principal;

*Second*, the declaration states principal's failure to pay and failure to surrender, in the alternative;

*Third*, the declaration does not show that any *capias ad satisfaciendum* ever issued for the principal.

I need not set out the whole declaration, which is in the usual form, but only that part which relates to these objec-

---

*WILSON, C. J., and BROWNE, J., did not sit in this case.

tions, and the breaches. The declaration avers that the plaintiff has not paid and satisfied the said costs and condemnation money, which was rendered against the said John S. Sloan, the principal and defendant in the suit, nor did the said defendant below, surrender the body of the said Sloan in execution, although the said Sloan did wholly fail to pay and satisfy the said costs and condemnation money, or to surrender himself in execution, when such surrender was required in the condition of the said writing obligatory contained, according to the exigency of said writ, but therein wholly failed and made default, whereby the said writing obligatory become forfeited. This is all the declaration that has any relation to the subject of these objections taken upon the demurrer.

Certainty is one of the common, general rules of pleading, and it requires, in setting forth the cause of action, that every *fact*, without which there would appear to be no cause, or an incomplete ground of action, should be distinctly averred, and in a traversable form. Gould's Pl. 175, §§ 12, 13; Ib. 181, §§ 25-6. Has this been done? The penalty in the bond is not the cause of action, nor the true amount of recovery. The breach of the condition is the *gist* of this action, and the damages occasioned by it, are the true recovery. The breach may be, by failure to pay the condemnation money and costs, or to surrender the principal, when by law such surrender is required. Now, these are *facts*, and necessary to be averred, and are traversable. Without a judgment, the condition could not be broken; it is a matter of fact, and should be averred. So are the precedents. 2 Chit. Pl. 472. There is no averment in this declaration that plaintiff below ever recovered any judgment; the averment is a distinct fact, but it is only averred that he failed to pay and satisfy the costs and condemnation money. This averment is also necessary, but will not dispense with, or include the other, that he recovered it. It is as necessary to aver a recovery in the suit in which the bail was given to show a breach of the condition, as it is in an action of debt upon the judgment. No one would contend that an averment of non-

payment in the latter would be sufficient, without the recovery.

I think the second objection not well taken, for although the averment is inartificially drawn, yet, it is certain enough that he did neither pay nor surrender himself.

The last objection is the want of an averment that a *capias* issued, requiring the surrender of the body of the defendant. It is true, the English precedents do not contain this averment. In *Crawford* v. *Beall's Adm'r*, 3 Bibb, 472, it was held to be unnecessary to aver it, but it might come up by way of defence. The same decision was made in *Ross* v. *Ellis*, 6 J. J. Marsh. 91. So it appears to have been held in 2 Hayw. 15; 4 Hawks, 98; and the omission to issue it must be excepted to by special plea. 4 Dev. 475; see 1 U. S. Dig. 354, §§ 172, 173. It has been held in 3 Johns. 514, that the return of a *capias*, "*non est inventus*," is indispensable before an action can be brought, although it need not be so averred in the declaration.

These authorities would be sufficient, if it were not for our Constitution, which declares, that "no person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud." Art. 8, § 15. The law has prescribed how that imprisonment shall commence, by requiring the creditor to make affidavit before a justice of the peace, that the debtor refuses to surrender his estate, lands, tenements, goods or chattels, and upon filing this with the clerk, or justice, where the judgment may be, a *capias* may issue. Rev. Stat. 282, § 1. We do not think it necessary that all these preparatory steps should be averred, to show that the *capias* might properly issue. But under a Constitution so jealous of the liberty of the citizen, we are of opinion that the plaintiff ought to aver the fact, and take upon himself the burden of proving that the principal was liable to be deprived of his liberty, and be imprisoned, before he can show a cause of action in his non surrender. In this, we differ with the high authority cited. I am not aware that those States have a similar con-

stitutional provision. But I believe the statute of New York in relation to the bail bond is very similar to our own in relation to the return of the *capias*.

We are of opinion, that the declaration is defective for want of the two averments—of a recovery, and the issuing *capias* and return of *"non est inventus."*

The judgment below will be reversed with costs, and the cause remanded, with leave to the plaintiff below to amend his declaration.

                                        *Judgment reversed.*